UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFERSON RADIATION ONCOLOGY, L.L.C.,** | ] ] |
| Plaintiff | ] |
| v. | ] **CIVIL ACTION NO.: 2:15-cv-1399** |
| | ] **JUDGE: MILAZZO** |
| **ADVANCED CARE SCRIPTS, INC.,** | ] **MAGISTRATE: KNOWLES** |
| Defendant / Third Party Plaintiff | ] |
| v. | ] |
| | ] |
| **WESTFAX, INC.** | ] |
| Third-Party Defendant | ] |

**THIRD-PARTY DEFENDANT WESTFAX, INC.'S RESPONSE TO PLAINTIFF'S AND DEFENDANT'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND CLASS CERTIFICATION**

Third-Party Defendant, Westfax, Inc., ("Westfax"), by and through its undersigned counsel in coordination with national counsel, hereby provides its response and opposition ("Response") to the Unopposed Motion for Preliminary Approval of Settlement and Class Certification ("Motion") filed by Jefferson Radiation Oncology, LLC ("Plaintiff"). (ECF 56). The Motion is entitled "Unopposed" due to the fact that Defendant Advanced Care Scripts Inc. ("ACS") does not oppose the Motion.

**PROCEDURAL HISTORY**

On April 29, 2015, Plaintiff filed its Complaint against Defendant alleging a violation of the Telephone Consumer Protection Act of 1991 ("TCPA") by ACS.

1

(ECF 1.) On August 18, 2015, Plaintiff filed an Amended Complaint against ACS. (ECF 25.) On August 18, 2015, ACS filed a Third Party Complaint against Westfax alleging that if ACS was found liable to Plaintiff for violations of the TCPA that Westfax would be liable to ACS for such violations and damages. (ECF 27.) On September 29, 2015, Westfax filed an Answer to ACS' Third Party Complaint along with Counterclaims against ACS. (ECF 33.) On October 23, 2015, ACS filed an Answer to Westfax's Counterclaims. (ECF 47.)

A follow-up status conference was ordered by the Court for April 19, 2016. (ECF 55.) On April 8, 2016, Plaintiff filed the Motion along with attachments and Exhibits (ECF 56.) On April 19, 2016 a status conference was held. National counsel for Westfax informed the Court that he was not a part of or informed of any of the terms of the settlement agreement filed by Plaintiff as a part of the Motion on April 8, 2016 (ECF 65-2) and requested time to review the Motion and its impact on Westfax. The Court ordered that the parties shall file briefs by May 20, 2016 addressing the issues discussed at the status conference. (ECF 57.) This Response is Westfax's position on the issues.

## RELATED MATTERS

Concurrently with Westfax's Response, Westfax is filing a Motion for Summary Judgment. To the extent the Court grants Westfax's Motion for Summary Judgment

and dismisses ACS's Third Party Complaint against Westfax, the impact and prejudice of the Motion, including the settlement agreement between Plaintiff and ACS, to Westfax would be mitigated or eliminated and the arguments in its Response would probably not be applicable.

Plaintiff did not file a lawsuit against Westfax or indicate at the status conference it would object to Westfax contesting the settlement, notice or fairness hearing. Westfax has no desire to be the "heavy" here or even be in this lawsuit that Plaintiff and ACS have apparently settled between themselves, but Westfax has a claim against ACS and the circumstances surrounding the settlement and the terms have known and possibly unknown consequences that Westfax is entitled to review and investigate to determine if there are any adverse or prejudicial consequences to the lawsuit between Plaintiff, ACS, Westfax and the class members.

## ARGUMENT

**ACS' Third Party Complaint is for the Opt-Out Notice**. The allegations and claims made by Plaintiff against ACS in its Complaint and the allegations and claims made by ACS against Westfax in its Third Party Complaint all arise from the same facts and circumstances and the same law. Westfax and ACS disagree and Westfax has denied all of the allegations made by ACS against Westfax in the Third Party Complaint. ACS's allegations and claims all relate to Westfax's involvement with

3

and liability for the opt-out notice language on ACS's facsimile advertisements. ACS claims that if it is liable for damages to Plaintiff for TCPA opt-out notice violations then Westfax is liable to ACS because such TCPA violations were Westfax's fault.

**Unknown Settlement**. Westfax was not a party to the settlement negotiations or settlement agreement. Other than the settlement agreement itself, Westfax is completely in the dark as to what Plaintiff and ACS discussed, negotiated and agreed to. The lack of involvement and inability to investigate to date any other agreements or understandings Plaintiff and ACS prejudices Westfax.

**Settlement Agreement Prejudices Westfax.** Westfax and ACS disagree as to whether the settlement agreement unilaterally entered into between Plaintiff and ACS is unconnected to the allegations and claims and counterclaims made by ACS and Westfax in this lawsuit. Westfax believes the settlement agreement is unfair and prejudicial to it as well as the class members Plaintiff has a duty to fairly and adequately represent and protect, including the reasons set forth herein and for any others that may be discovered subsequently when Westfax has an opportunity to seek relevant discovery regarding the settlement from Plaintiff and ACS.

**Westfax is not Liable if ACS is not Liable**. ACS' Third Party Complaint alleged and claimed that if ACS was found liable to Plaintiff for the liability and damages alleged in the Complaint, then Westfax would be liable to ACS. All of

Westfax's liability and damages to ACS are expressly contingent upon ACS's wrongdoing, liability and damages to Plaintiff. If anything happens or is construed to the contrary as a result of the settlement agreement, Westfax will be prejudiced.

**Settlement Agreement Provides No Liability or Damages**. With respect to the allegations and claims between Plaintiff and ACS, the settlement agreement is a full settlement and expressly contains their agreement that ACS was not at fault and engaged in no wrongdoing, any and all claims are fully released and there is no liability or damages. (ECF 56-2.). Due to the fact that ACS's claims against Westfax are all based upon Plaintiff's claims against ACS and ACS' liability for damages to the Plaintiff and class members for TCPA violations, and Plaintiff and ACS have voluntarily settled and agreed there was no wrongdoing, claims, liability or damages and fully resolved all issues and matters between them, ACS's claims against Westfax for liability and damages to Plaintiff have no merit or validity and have to be dismissed or Westfax will be prejudiced.

**Estoppel**. Plaintiff and ACS are estopped from arguing otherwise. In this lawsuit Plaintiff and Defendant entered into a voluntary and comprehensive settlement agreement where they expressly agreed there was no fault, wrongdoing, liability and damages. This settlement agreement is a part of the Motion that was submitted to the Court for approval. ACS cannot so agree in the settlement

agreement and then make allegations and claims to the contrary that ACS was at fault or engaged in wrongdoing due to Westfax's actions and/or is liable for damages to Plaintiff for TCPA violations and consequently Westfax is liable to ACS. In short, the Plaintiff and ACS voluntarily settled and agreed ACS did nothing wrong. If ACS did nothing wrong there is nothing for Westfax to be liable for either. ACS cannot have its cake (voluntarily settle with Plaintiff) and eat it too (sue Westfax for the same claims resulting from the same facts, circumstances and law that have been fully settled and resolved).

**Waiver Withdrawn**. ACS filed a Petition for Waiver with the FCC. The Waiver is free, has been customarily granted to hundreds of other petitioners and substantially everyone who requests a Waiver receives one. The Waiver from the FCC provides retroactive relief for all liability for all solicited facsimile advertisements sent without a compliant opt-out notice. Upon receipt of the Waiver, ACS would have no liability to Plaintiff or any class member for any solicited facsimile advertisement it may have sent to Plaintiff and the class members without a compliant opt-out notice. Plaintiff's claim of a TCPA opt-out notice violation would be trumped by the Waiver and ACS's claim against Westfax relating to the opt-out notice would be moot. Inexplicably, at the 11th hour when the Waiver was likely forthcoming from the FCC, as a part of the settlement agreement, Plaintiff and ACS agreed that ACS would

withdraw it Petition for Waiver. In addition to being highly unusual and suspicious, it is a clear example of ACS failing to defend itself and in particular mitigating its damages and its claims against Westfax.

**Unknown Prejudice**. These are clear examples of where the settlement between Plaintiff and ACS and ACS's continuance of its claims against Westfax, prejudice Westfax. The other significant risk is the unknown due to the secrecy of the settlement between Plaintiff and ACS and the exclusion of Westfax. For example, the Plaintiff and ACS agreed in the settlement agreement that Westfax could not object, the settlement agreement was confidential and ACS could not not take any actions "inconsistent" with obtaining final approval of the settlement agreement. The purpose of these provisions and what those inconsistent actions might be need to be understood.

Westfax is entitled to a reasonable amount of time to explore and discover if the settlement has other aspects and features that may be unknown now but could be discovered with 30 days through discovery. The Court may benefit from such discovery as well because it has to make a similar inquiry as to the fairness of the settlement agreement on the class members. There are potential risks that the ultimate resolution of the lawsuit between ACS and Westfax will have a material effect on the terms of the settlement agreement and may uncover facts and figures that would be

necessary for the class members to know and have in the Notice of Class Settlement in order to make a fully informed decision.

**Conditional Settlement**. Lastly, is the conundrum created by the provision in the settlement agreement that provides the settlement agreement is subject to Court approval and if not approved Plaintiff and ACS are put back into the same position as they were prior to the settlement agreement and the lawsuit resumes and ACS may reinstate its Petition for an FCC Waiver. It is a classic "Catch 22" if ACS and Westfax proceed to trial on the track that Plaintiff and ACS have settled and Westfax does not have any of the results from what would have been forthcoming from the Plaintiff's and ACS' portion of the trial and ACS still has not sought its FCC Waiver and a judgment is rendered. Thereafter, the settlement agreement is not approved and Plaintiff and ACS proceed to trial and ACS obtains its Waiver and all of the results of the trial are forthcoming. Not only is the Court engaged in two (2) trials on the same facts and circumstances where there could have been none, Westfax is prejudiced by having to proceed first on the basis of the conditional settlement entered into between Plaintiff and ACS and not having the benefit of the results from their trial.

## CONCLUSION

Westfax was genuinely surprised by the Motion and placed at a significant disadvantage and unreasonably forced to play catch up without all of the facts. There

is no compelling reason to now rush the Motion through without tying up all of the loose ends, full disclosure and treating all parties fairly and equally. Westfax should be given thirty (30) days to conduct discovery on the settlement agreement and related events, the Court should have the opportunity to rule on Westfax's Motion for Summary Judgment, and the Court should further rule on the nature and extent of the prejudice to Westfax and the remedies and relief available to Westfax.

Respectfully submitted on this 20th day of May 2016.

**SCHEXNAYDRE LAW FIRM**

BY: /s/ *David J. Schexnaydre*
DAVID J. SCHEXNAYDRE, T.A. (#21073)
2859 Highway 190 • Suite 212
Mandeville, Louisiana 70471
Telephone: (985) 292-2020
Fax: (985) 235-1089
Email: david@schexnaydre.com
Counsel for Westfax, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2016, I presented the foregoing pleading to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ David J. Schexnaydre*
DAVID J. SCHEXNAYDRE