UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFERSON RADIATION ONCOLOGY**  **CIVIL ACTION**

**VERSUS**  **NO: 15-1399**

**ADVANCED CARE SCRIPTS, INC.**  **SECTION "H"**

## ORDER AND REASONS

Before the Court is an Unopposed Motion for Preliminary Approval of Settlement and Class Certification (Doc. 56). For the following reasons, the Motion is GRANTED.

## BACKGROUND

In this litigation, Plaintiff Jefferson Radiation Oncology, LLC ("Jefferson Radiation") brought a class action against Defendant Advanced Care Scripts, Inc. ("ACS") because of its alleged massive junk faxing in violation of the Junk Fax Prevention Act of 2005 ("JFPA"). Specifically, Jefferson Radiation alleges that the junk faxes sent by ACS failed to include a clear notice to their recipients of the right to stop future junk faxes, as required by the JFPA. Despite ACS's numerous defenses, the parties were able to reach an amicable settlement and now seek approval of their class action settlement from this Court.

1

## **LEGAL STANDARD**

"The certification requirements of Federal Rule of Civil Procedure 23 generally apply when certification is for settlement purposes."[1] To be certified under Rule 23, the class must first satisfy four threshold requirements. A court may certify a class only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

After the prerequisites of Rule 23(a) have been met, the proposed class must satisfy one of the three provisions for certification under Rule 23(b). This class action purports to be an action under Rule 23(b)(3) and therefore must contain questions of law or fact that are common to all class members and predominate over any questions affecting only individual members.[2] The matters pertinent to these findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.[3]

Finally, "[a] class action may not be dismissed or compromised without the district court's approval."[4] "The gravamen of an approvable proposed settlement is that it be fair, adequate, and reasonable and is not the product

---

[1] *In re Pool Products Distribution Mkt. Antitrust Litig.*, 310 F.R.D. 300, 308 (E.D. La. 2015).
[2] Fed. R. Civ. P. 23.
[3] Fed. R. Civ. P. 23(b)(3).
[4] *In re Pool Products*, 310 F.R.D. at 314.

of collusion between the parties."[5]  "If the proposed settlement discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval, the court should grant preliminary approval."[6]

## LAW AND ANALYSIS

First, this Court holds that the class proposed for certification meets the requirements of Rule 23(a).  The class—"all persons and entities that received facsimile transmissions from ACS or its vendor that advertise, promote, or describe ACS's products or services and do not contain the notice required by 47 U.S.C. § 227(b)(1)(C)(iii), (b)(2)(D), (b)(2)(E), (d)(2) or 47 C.F.R. § 64.1200(a)(4)(iii)–(vii), during the period from April 29, 2011 to February 19, 2016"—is sufficiently numerous and common to warrant class certification. In addition, Jefferson Radiation's claims are typical to those of other class members, as all suffered identical statutory damages for faxes received from ACS's facsimile campaign.

In addition, the proposed class action satisfies Rule 23(b) as it presents common questions of law and fact—that is, whether the class members are entitled to statutory damages for the receipt of mass junk fax advertisements sent by ACS and whether those faxes contained the statutorily mandated opt-out language.  A class action is a superior mechanism by which to resolve these issues because it would be uneconomical to pursue these damages on an individual basis.

---

[5] *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (internal quotations omitted).

[6] *In re Pool Products*, 310 F.R.D. at 314–15.

Finally, this Court sees no reason to doubt the fairness of the settlement agreement reached between the parties after arms-length negotiation. The settlement was confected with the assistance of a professional mediator and the terms agreed upon appear to be fair and reasonable to the class members. The proposed settlement agreement easily falls within the range of possible approval.

## **CONCLUSION**

For the foregoing reasons, the Motion to Certify Class (Doc. 8) and the Motion to Approve Settlement (Doc. 56) are GRANTED, and IT IS ORDERED that:

1. The settlement class is certified for settlement purposes only against Defendant ACS.
2. The class settlement is preliminarily approved.
3. Jefferson Radiation is appointed as Class Representative.
4. George Recile, Preston Hayes, Ryan Monsour, Matthew Sherman, and Patrick Follette of the Law Offices of Chehardy Sherman Williams LLP are appointed class counsel and settlement class counsel.
5. Angeion Group is appointed Notice and Settlement Administrator.
6. Notices, in the forms submitted as Exhibit 3 to the motion, are authorized to class members with deadlines for Opt-Outs and Objections set on October 3, 2016.
7. The Fairness Hearing is scheduled for November 30, 2016 at 9:30a.m.

New Orleans, Louisiana this 15th day of July, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**