UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFERSON RADIATION ONCOLOGY, L.L.C.** | **CIVIL ACTION NO.:  15-1399** |
| **V.** | **SECTION: I** |
| **ADVANCED CARE SCRIPTS, INC.** | **MAGISTRATE: 3** |

### ORDER AND JUDGMENT

On November 30, 2016, a Fairness Hearing was conducted to address the Unopposed Motion for Final Approval of Class Action Settlement.  This Motion was made on the following grounds:

1. The class action settlement agreement was negotiated at arm's-length, is not collusive, is fair, reasonable, adequate, and is in the best interests of the settlement class;

2. The faxing and mailing of notice packets, the method of disseminating notice to the settlement class, and the establishment of the settlement website and telephone number provided the best notice practicable under the circumstances and complied with Fed. R. Civ. P. 23(e) and due process;

3. No members of the settlement class have objected to the proposed settlement, and only one class member has opted out;

4. The CAFA Notice was sent to the appropriate federal and state officials in accordance with the Class Action Fairness Act.  The Court did not receive any objections to the Settlement from any of these officials;

5. The settlement class meets all conditions for class certification: (a) the class is so numerous that joinder of all members is impractical; (b) there are predominate common questions of law and fact; (c) the claims of class representative Jefferson Radiation are typical of those held by class members; (d) Jefferson Radiation and its counsel have fairly

and adequately represented and protected the interests of the class, and there are no antagonistic or conflicting interests between Jefferson Radiation and the class; and (e) the adjudication of this case as a class action is superior to individual actions;

6. Based on the findings set out in paragraph 5 above, the Court confirms the appropriateness of certification of the following previously certified settlement class under Fed. R. Civ. P. 23(b)(3) (*see* Dkt. No. 77, filed July 18, 2016):

> All persons and entities that received facsimile transmission from Advanced Care Scripts or its vendor that advertise, promote, or describe Advanced Care Scripts' products or services and do not contain the notice required by 47 U.S.C. § 227(b)(1)(C)(iii), (b)(2)(D), (b)(2)(E), (d)(2) or 47 C.F.R. § 64.1200(a)(4)(iii)-(vii), during the period from April 29, 2011 to February 19, 2016 (hereinafter, "Class Members").

7. This motion was supported by an accompanying Memorandum of Law in Support of the Motion, a Declaration filed concurrently with said Motion, the class action Settlement Agreement and Release of Claims dated April 8, 2016 (the "Settlement Agreement") previously lodged with the Court, the previously filed Motion for Preliminary Approval of Class Action Settlement, the pleadings and papers filed in this case, and on such further briefs and argument of counsel provided at the Fairness Hearing;

8. This Order and Judgment shall not be interpreted as an admission by Advanced Care Scripts, Inc. ("ACS") of any liability under the Telephone Consumer Protection Act or wrongdoing whatsoever, nor is this Order a finding of the validity or invalidity of any claims in the action or a finding of wrongdoing by ACS herein;

9. This Court hereby dismisses with prejudice this action, specifically including the Released Claims, with each party to bear its own costs and attorneys' fees, except as provided in the accompanying order regarding attorneys' fees and costs;

10. Upon the entry of this Order and Judgment, Plaintiff and all Class Members shall be deemed to have conclusively settled, compromised, satisfied, and released all Released

Claims against all Released Parties. As set forth in the Settlement Agreement, which is incorporated by reference herein, the "Released Claims," as to Plaintiff and all Class Members means any and all claims, liabilities, demands, causes of action, or lawsuits, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities relating to the subject matter of the Complaint, whether known or unknown (including unknown claims), and whether anticipated or unanticipated, of whatever kind or nature, character, and description—whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity—that were or could have been raised in the Action. The Released Claims include all claims arising prior to the Effective Date meeting this description under all applicable statutes, regulations, or common law, including but not limited to claims under the TCPA. As further set forth in the Settlement Agreement, "Released Parties" means ACS and its past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, agents, independent contractors, successors, heirs, predecessors in interest, joint ventures, and commonly-controlled corporations;

11. Upon the entry of this Order and Judgment, Plaintiff and all Class Members are barred and enjoined from filing, charging, claiming, suing, participating in, joining or causing or permitting to be filed, charged or claimed, any action for damages or other relief (including injunctive, declaratory, monetary or other) against the Released Parties with respect to any Released Claims which are the subject of the Settlement Agreement. The Court finds that the Settlement Agreement may be pleaded as a full and complete defense to any and all Released Claims and causes of action being released pursuant to the

Settlement Agreement. The Court further finds that the Settlement Agreement may be used as the basis for an injunction to halt any action, suit or other proceeding based upon the Released Claims;

12. The Parties are ordered to effectuate the Settlement Agreement, except to the extent modified in either this order or the accompanying order on attorney fees;

13. The Court also finds, based on argument and evidence presented at the November 30, 2016 Fairness Hearing, that the interests of the class are best served by slightly modifying the distribution plan proposed in the Motion for Preliminary Approval. This modification involves those class members who received four (4) faxes, who would otherwise be entitled to $611.12 if they submitted IRS Form W-9s, to instead receive $599.99. The settlement funds involved in this modification ($11.13 per class member), will instead be distributed on a pro rata basis to those class members who received between one (1) and three (3) faxes.

Considering the foregoing, it is hereby ORDERED that the Unopposed Motion for Final Approval of Class Action Settlement, as modified by this Order, is GRANTED.

SIGNED in New Orleans, Louisiana on this _6th_ day of December, 2016.

_____
**LANCE M. AFRICK**
**United States District Judge**